**UNITED STATES of America, Plaintiff,**

v.

**Anthony Thomas FOYE, Defendant.**

**No. CR. A. 2:99–00023.**

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 7, 1999.

See also, 36 F.Supp.2d 329.

Monica K. Schwartz, Assistant United States Attorney, Charleston, WV, for plaintiff.

Edward H. Weis, First Assistant Federal Public Defender, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

On May 13, 1998, Anthony Foye sold to Shanika Carter approximately one ounce of cocaine base and was found to be in possession of additional quantities at his arrest. The total weight of cocaine base from the sale and the seizure at his arrest was determined by the police laboratory to be 34.81 grams. Foye was indicted on one count of distribution of cocaine base and one count of possession with intent to distribute cocaine base, both in violation of 21 U.S.C. § 841(a)(1). The indictment did not allege the weight of cocaine base, and at Foye's trial, the issue of the drug amount or weight was not submitted to the jury. Foye was convicted on May 18, 1999 of both counts.

Prior to his sentencing hearing, Foye objected to the probation officer's presentence investigation report. He urged that after *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the amount of drugs under 21 U.S.C. § 841(b) is no longer a sentencing issue but rather an element of the offense that must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. At Foye's sentencing on August 5, 1999, the Court overruled his objection for reasons explained more fully herein.

## I.

In *Jones v. United States,* the Supreme Court held that the federal carjacking statute, 18 U.S.C. § 2119 [1], defined three distinct offenses rather than a single offense with a choice of three maximum penalties. *Jones,* 119 S.Ct. at 1217. In reaching this decision, the Supreme Court stated in dicta the following constitutional principle that previous Supreme Court cases have suggested: "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 1224 n. 6. Foye insists that this dicta reflects the adoption of a new constitutional principle that requires this Court to interpret the amount of drugs under 21 U.S.C. § 841(b) as an element of the offense.

## II.

### A.

■ Contrary to Foye's argument, the *Jones* decision does not require every fact that increases the maximum penalty for a crime to be interpreted as an element of the offense. The Supreme Court in *Jones* merely recognized a constitutional principle that had only been suggested in its prior decision in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). The Court specifically stated that its decision in *Jones* "does not announce any new principle of constitutional law." *Jones,* 119 S.Ct. at 1228 n. 11. The *Jones* decision therefore does not alter the existing constitutional landscape concerning factors that increase the penalties for an offense.

The Court in *McMillan* recognized a serious issue when it suggested the constitutional principle upon which Foye relies. However, *McMillan* and other Supreme Court cases have consistently rejected the notion that the government "must prove beyond a reasonable doubt every fact, the existence or nonexistence of which it is willing to recognize as an exculpatory or mitigating circumstance affecting the degree of culpability or the severity of punishment." *Patterson v. New York,* 432 U.S. 197, 207, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *see Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 1229, 140 L.Ed.2d 350 (1998) (stating that *Patterson* decision actually suggests that the Constitution "requires scarcely any sentencing factors to be treated [as elements of the offense]"); *McMillan,* 477 U.S. at 84, 106 S.Ct. 2411 (stating that in *Patterson,* the Supreme Court "rejected the claim that whenever a State links the 'severity of punishment' to 'the presence or absence of an identified fact' the State must prove that fact beyond a reasonable doubt"). The Court in *Jones* reaffirmed its adherence to these prior decisions when it stated that "[i]t is not, of course, that anyone today would claim that every fact with a bearing on sentencing must be found by a jury; we have resolved that general issue and have no intention of questioning its resolution." *Jones,* 119 S.Ct. at 1226.

■ Even after the *McMillan* decision suggested the constitutional principle at issue in this case, the Supreme Court has

---

1. 18 U.S.C. § 2119 provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, and
(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.
18 U.S.C. § 2119.

characterized the amount of drugs under 21 U.S.C. § 841(b) as an appropriate sentencing enhancement. *See, e.g., Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 1477, 140 L.Ed.2d 703 (1998) (recognizing that judge is authorized to determine amount and kind of controlled substance for which defendant should be held accountable at sentencing); *Almendarez–Torres,* 118 S.Ct. at 1227 (citing 21 U.S.C. § 841(b)(1) as a statute generally interpreted as providing sentencing enhancements). Several Fourth Circuit cases have analyzed 21 U.S.C. § 841(b) specifically within the context of the concerns expressed in *McMillan* and have also concluded that the amount of drugs is a sentencing enhancement that a trial judge may determine by a preponderance of the evidence. *See United States v. Engleman,* 916 F.2d 182, 184 (4th Cir.1990) (holding that "during sentencing it is appropriate, and not a violation of due process, for the lower court to consider an amount of cocaine [involved in a violation of 21 U.S.C. § 841(a)(1) ] that is established by a preponderance of evidence" (citing *McMillan,* 477 U.S. at 93, 106 S.Ct. 2411)); *United States v. Powell,* 886 F.2d 81, 85 (4th Cir. 1989) (concluding, upon an analysis of *McMillan,* that the quantity of drugs possessed by the defendant in violation of 21 U.S.C. § 841(a) was a statutory sentencing factor rather than an element of the offense and must only be proven by a preponderance of the evidence). Since *Powell* and *Engleman,* the Fourth Circuit has continued to hold that the amount of drugs under 21 U.S.C. § 841(b) is an appropriate sentencing factor. *See, e.g., United States v. Fletcher,* 74 F.3d 49, 53 (4th Cir.1996); *United States v. Kimberlin,* 18 F.3d 1156, 1159 (4th Cir.1994) (quoting *Engleman,* 916 F.2d at 184); *United States v. Williams,* 986 F.2d 86, 90 (4th Cir.1993) (citing *Engleman,* 916 F.2d at 184); *United States v. Uwaeme,* 975 F.2d 1016, 1018 (4th Cir.1992); *United States v. Mark,* 943 F.2d 444, 450 (4th Cir.1991) (citing *McMillan,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 and *Engleman,* 916 F.2d at

184). Thus, although *Jones* recognized potential constitutional concerns, the Supreme Court and the Fourth Circuit have already concluded that characterizing the amount of drugs under 21 U.S.C. § 841(b) as a sentencing factor rather than as an element of the offense does not implicate those concerns. The *Jones* decision does not alter that conclusion.

**B.**

█ Furthermore, the provisions of 21 U.S.C. § 841(b) are undoubtedly sentencing provisions that cannot realistically be interpreted as elements of the offense. Unlike the statute at issue in *Jones,* 21 U.S.C. § 841 is not ambiguous concerning what language contains the elements of the offense and what language contains the sentencing enhancements. The title of § 841(b) specifically states "Penalties" and is separate from the elements of the offense that are located in § 841(a), titled "Unlawful Acts." 21 U.S.C. § 841(a)–(b). The Supreme Court has previously recognized that "[a] title that contains the word 'penalties' more often .... signals a provision that deals with penalties for a substantive crime." *Almendarez–Torres,* 118 S.Ct. at 1226. 21 U.S.C. § 841 is therefore one of those statutes discussed in *Jones* as having the "benefit of provisions straightforwardly addressing the distinction between elements and sentencing factors." *Jones,* 119 S.Ct. at 1219.

21 U.S.C. § 841(a) is also one of the offense-defining provisions recognized by the Court in *Jones* as able to "genuinely stand on their own grammatical feet thanks to phrases such as 'shall be unlawful.' " *Id.* 21 U.S.C. § 841(a) states:

[I]t *shall be unlawful* for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a) (emphasis added). The use of the "shall be unlawful" language helps to draw the provision "to its close" because once the statute states what is unlawful, the sentence is complete. *See Jones,* 119 S.Ct. at 1219 (stating that phrases such as "shall be unlawful ... draw a provision to its close"). It is therefore not necessary to read the penalty provisions located in § 841(b) to complete the sentence in § 841(a) that defines the offense. The provisions of § 841(b) are therefore clearly sentencing enhancements that the Fourth Circuit has already held may be determined by the trial judge by a preponderance of the evidence.

### III.

For the foregoing reasons, this Court finds that the amount of drugs under 21 U.S.C. § 841(b) is a sentencing enhancement that may be determined by the trial judge by a preponderance of the evidence. The defendant's objection is therefore **OVERRULED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and Judge Goodwin.