UNITED STATES of America,
Plaintiff,

v.

Noah Junior LOWE, Defendant.

No. CRIM. A. 3:00–00063.

United States District Court,
S.D. West Virginia,
Huntington Division.

Nov. 28, 2000.

**614**

Lisa A. Green, United States Attorney's Office, Huntington, WV, for Plaintiff United States of America.

Ed Weis, Federal Public Defender's Office, Robert C. Byrd U.S. Courthouse, Charleston, WV, for Defendant Noah Junior Lowe.

## MEMORANDUM OPINION

GOODWIN, District Judge.

A jury convicted Noah Junior Lowe (hereinafter "Lowe") of the charges contained in a two-count indictment. Count one charged Lowe with conspiracy to knowingly and intentionally distribute marijuana and valium, and count two charged Lowe with attempting to possess with intent to distribute marijuana.[1] Lowe stands convicted of 21 U.S.C. § 846 violations. Section 846 provides that: "[a]ny person who attempts or conspires to commit any offense defined in [the Controlled Substances Act] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The offenses that were the object of the conspiracy, in count one, and the attempt, in count two, are violations of § 841(a), the penalties for which are found in § 841(b).[2]

Prior to Lowe's sentencing, the following issue was raised: what statutory maximum penalty applies when a defendant has been convicted of distribution of marijuana based on an indictment that fails to attribute an amount of marijuana to that defendant or to indicate that the distribution was for remuneration? After full consideration of the parties' briefs, this court finds that a defendant convicted of distribution of marijuana, based on an indictment that does not charge either (1) that such distribution involved more than a small amount of marijuana or (2) that such distribution was for remuneration, is subject to the maximum penalty of one year of

---

1.  With regard to count one, the jury returned special interrogatories indicating that the jury unanimously found beyond a reasonable doubt that the defendant conspired to knowingly and intentionally distribute marijuana, and the jury unanimously found beyond a reasonable doubt that the defendant conspired to knowingly and intentionally distribute valium.

2.  For clarity purposes, the court will describe the offenses of conviction as distribution of marijuana, distribution of valium, and possession with intent to distribute marijuana, rather than conspiracy to distribute marijuana, conspiracy to distribute valium and attempt to possess with intent to distribute.

imprisonment found in 21 U.S.C. § 841(b)(4).[3]

## I.

### The Penalty Scheme

Title 21, United States Code, section 841(a) defines eleven controlled substance offenses.[4] Section 812 lists hundreds of controlled substances.[5] Because each of the offenses defined in § 841(a) may involve any controlled substance listed in § 812, numerous variations under § 841(a) are possible, and the penalty provisions in § 841(b) must provide guidance for each variation. Section 841(b)(1)(C) is the gateway into the penalty provisions applicable to § 841(a) offenses involving Schedule I and II controlled substances; however, maximum penalties for these offenses vary based on the existence of certain facts, such as the type and amount of controlled substance involved in the offense, recidivism, and whether bodily injury or death resulted from the offense.

For a number of controlled substance offenses, only one paragraph or subparagraph of § 841(b) applies, and therefore only one penalty range applies to that offense regardless of the amount of drugs involved. However, if the offense involves one of at least twelve different controlled substances, more than one penalty range is possible.[6] The penalty range applicable for a particular controlled substance offense typically depends on the drug amount attributable to the defendant.[7]

---

3. The court notes that the jury did not find and was not asked to find the amount of any controlled substance attributable to the defendant. The court also recognizes that even though an indictment fails to charge a defendant with distributing more than a small amount of marijuana or distributing marijuana for remuneration, if an indictment charged the defendant with distribution of more than 50 kilograms of marijuana, then the defendant would not be subject to the statutory maximum penalty under § 841(b)(4) but rather a greater statutory maximum penalty. *See* 21 U.S.C. § 841(b)(1)(A) (providing a statutory maximum penalty of life imprisonment for distribution of 1,000 kilograms or more of marijuana); 21 U.S.C. § 841(b)(1)(B) (providing a statutory maximum penalty of forty years imprisonment for distribution of 100 kilograms or more of marijuana); and 21 U.S.C. § 841(b)(1)(C) (providing a statutory maximum penalty of twenty years for distribution of 50 kilograms or more of marijuana).

4. Pursuant to 21 U.S.C. § 841(a), it shall be unlawful for any person knowingly or intentionally to: (1) manufacture a controlled substance, (2) distribute a controlled substance, (3) dispense a controlled substance, (4) possess with intent to manufacture a controlled substance, (5) possess with intent to distribute a controlled substance, (6) possess with intent to dispense a controlled substance, (7) create a counterfeit substance, (8) distribute a coun-

terfeit substance, (9) dispense a counterfeit substance, (10) possess with intent to distribute a counterfeit substance, and (11) possess with intent to dispense a counterfeit substance. A "counterfeit substance" is a controlled substance which, without authorization, bears the trademark, trade name, or identifying mark of a manufacturer or distributor which did not manufacture or distribute the substance. *See* 21 U.S.C. § 802(7).

5. Schedules of controlled substances, as changed and updated, are set forth in Title 21, Code of Federal Regulations, sections 1308.11 through 1308.15. 21 C.F.R. § 1308.01 (describing the scope of part 1308).

6. Penalty ranges vary under § 841(b) for the following twelve controlled substances based on drug amount: heroin, coca leaves, cocaine, ecgonine, cocaine base, PCP, LSD, N–phenyl–N[1–(2–phenylethyl)–4–piperidinyl] propanamide, analog of N–phenyl–N[1–(2–phenylethyl)–4–piperidinyl] propanamide, marijuana, methamphetamine, and flunitrazepam. 21 U.S.C. §§ 841(b)(1)(A)—(D), (b)(2), (b)(4).

7. Flunitrazepam, a Schedule IV controlled substance, is one example of a controlled substance uniquely provided for under the penalty provisions in § 841(b). *See* 21 C.F.R. § 1308.14(c)(20). Section 841(b)(1)(C) indi-

Marijuana is classified as a Schedule I controlled substance. *See* 21 U.S.C. § 812(c) (Schedule I(c)(10)). A defendant convicted of distributing marijuana is subject to one of five different statutory maximum penalties. The maximum penalty appropriate in a particular case depends on the amount of marijuana the defendant distributed and whether the distribution was for remuneration.[8] The penalty scheme for distribution of marijuana begins at § 841(b)(4),[9] which provides that any person who distributes a small amount of marijuana for no remuneration shall be subject to a statutory maximum penalty of one year imprisonment.

## II.

## In Light of *Apprendi*

■ In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 466, 120 S.Ct. at 2362–63. This court and several appellate courts have concluded that *Apprendi* applies to controlled substance violations under § 841. *See United States v. Rebmann*, 226 F.3d 521, 2000 WL 1209271 (6th Cir.2000); *United States v. Aguayo–Delgado*, 220 F.3d 926 (8th Cir.2000); *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000); *United States v. Henderson*, 105 F.Supp.2d 523, 524 (S.D.W.Va.2000) (Goodwin, J.). Therefore, "in a prosecution under 21 U.S.C. § 841, or in a prosecution for conspiracy to commit or attempt to commit a violation of that statute, the government must, in order to

cates that a § 841(a) violation involving one gram of flunitrazepam is subject to a maximum twenty years imprisonment. Section 841(b)(1)(D) indicates that a § 841(a) violation involving thirty milligrams of flunitrazepam is subject to a maximum five years imprisonment. Section 841(b)(2) indicates that a § 841(a) violation involving a Schedule IV controlled substance is subject to a maximum three years imprisonment.

8. *See* 21 U.S.C. § 841(b)(1)(A)(vii) (stating that a person convicted of a violation of § 841(a) involving 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life); 21 U.S.C. § 841(b)(1)(B)(vii) (stating that a person convicted of a violation of § 841(a) involving 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years); 21 U.S.C. § 841(b)(1)(C) (stating that a person convicted of a violation of § 841(a) involving marijuana, a controlled substance in Schedule 1, except as provided in subparagraphs (A),(B), and (D), shall be sentenced to a term of im-

prisonment of not more than 20 years); 21 U.S.C. § 841(b)(1)(D) (stating that a person convicted of a violation of § 841(a) involving less than 50 kilograms of marijuana, except in the case of 50 or more marijuana plants, 10 kilograms of hashish, or one kilogram of hashish oil, and except as provided in paragraph (4) and (5) of this subsection, shall be sentenced to a term of imprisonment of not more than 5 years); and 21 U.S.C. § 841(b)(4) (stating that notwithstanding paragraph (1)(D) of this subsection, any person who violates § 841(a) by distributing a small amount of marijuana for no remuneration shall be treated as provided in § 844, which provides penalties for simple possession, and 18 U.S.C. § 3607, which allows for pre-judgment probation under certain circumstances).

9. Distribution of marijuana involves a Schedule I controlled substance. Section 841(b)(1)(C) applies to Schedule I controlled substances, except as provided in § 841(b)(1)(D). Paragraph (1)(D) applies to offenses involving less than 50 kilograms of marijuana, except as provided in paragraph (4). Paragraph (4) applies to the distribution of a small amount of marijuana for no remuneration, notwithstanding paragraph (1)(D).

seek increased statutory penalties, allege the drug amount in the indictment, submit that fact to the jury, and prove the existence of the fact beyond a reasonable doubt." *Henderson,* 105 F.Supp.2d at 535.

■ In the penalty scheme for distribution of marijuana offenses, the maximum penalty applicable to a defendant increases as the drug amount attributable to such defendant increases. A distribution of marijuana conviction implies that the defendant has been convicted of distributing some amount of marijuana greater than zero. However, without additional findings of fact, a sentencing court cannot surpass the drug amount ceiling set by § 841(b)(4) and subject a defendant to the increased maximum penalty found in § 841(b)(1)(D). The statutory maximum penalty is limited to the statutory maximum penalty authorized by the jury's verdict—the statutory maximum penalty applicable by virtue of the elements of the offense alone. *See United States v. Aguayo–Delgado,* 220 F.3d 926, 933 (8th Cir.2000).

Section 841(b)(1)(D) states that a person convicted of a violation of § 841(a) involving less than 50 kilograms of marijuana, *except as provided in paragraph (4)* and (5) of § 841(b), shall be sentenced to a term of imprisonment of not more than 5 years. Therefore, § 841(b)(1)(D) applies only if § 841(b)(4) does not apply.[10] If a jury convicting a defendant of distribution of marijuana does not make specific findings regarding the amount of marijuana involved or whether such distribution was for remuneration, then the hurdles of § 841(b)(4) have not been overcome, and the sentencing court must apply the statutory maximum provided for in § 841(b)(4). If a jury finds that the defendant distributed marijuana for remuneration or that the distribution involved more than a small amount of marijuana, § 841(b)(1)(D), with a statutory maximum penalty of five years imprisonment, applies.

Determining whether § 841(b)(4) or § 841(b)(1)(D) applies also affects whether the defendant is convicted of a misdemeanor or a felony. As the Fourth Circuit stated in *United States v. Wilson,* 284 F.2d 407, 408 (4th Cir.1960), "[a] fact which distinguishes a violation punishable by imprisonment for not more than one year from a violation punishable by imprisonment for ten years cannot be permitted to rest upon conjecture or surmise." When a defendant is charged with a controlled substance offense, the indictment charges the offense as a violation of § 841(a). The penalty for this offense is not listed in § 841(a); the penalty is listed in § 841(b). Thus, the corresponding penalty section is not charged in the indictment. Prior to *Apprendi,* courts throughout the country had concluded that § 841(a) described the elements of the offense and § 841(b) articulated factors to be considered by the judge when determining the appropriate sentencing range.[11] Therefore, prior to

---

10. *See generally United States v. Maiden,* 355 F.Supp. 743 (D.Conn.1973). "Why Congress placed marijuana in Schedule I and then penalized its distribution according to a scheme of penalties inapplicable to any other substance in that Schedule or the entire Act is not clear. Nevertheless, there has been a specific Congressional judgment as to the penalties for marijuana distribution." *Id.* at 748.

11. *See United States v. Henderson,* 105 F.Supp.2d 523, 525 (S.D.W.Va.2000) (citing *United States v. McHugh,* 769 F.2d 860, 867 (1st Cir.1985); *United States v. Campuzano,* 905 F.2d 677, 679 (2d Cir.1990); *United States v. Gibbs,* 813 F.2d 596, 599 (3d Cir. 1987); *United States v. Powell,* 886 F.2d 81, 85 (4th Cir.1989); *United States v. Morgan,* 835 F.2d 79, 81 (5th Cir.1987); *United States v. Moreno,* 899 F.2d 465, 472 (6th Cir.1990); *United States v. Acevedo,* 891 F.2d 607, 611

*Apprendi,* a defendant charged with distribution of marijuana could be subject to a misdemeanor or felony charge.

■ The government argues that § 841(b)(1)(C) is the "base line section for drug offenses," §§ 841(b)(1)(A) and (B) are aggravating factors, which must be alleged in an indictment in light of *Apprendi,* and §§ 841(b)(1)(D) and (b)(4) are mitigating factors, found by the court. Pl. Resp. Def's Mem. Statutory Max. 2. Under the government's interpretation of the penalty scheme for distribution of marijuana in light of *Apprendi,* the government proves beyond a reasonable doubt that the defendant knowingly and intentionally distributed marijuana, and then the burden falls on the defendant to convince the judge of "mitigating factors"—that the amount distributed was less than 50 kilograms or that the amount distributed was small and did not involve remuneration. According to the government's argument, a defendant would know whether he faced a felony or misdemeanor conviction only after a judge determined whether the amount attributable to the defendant was "small" or whether marijuana was distributed for remuneration. Further, only after a judge determined that the amount attributable to the defendant was less than 50 kilograms would the defendant know whether he faced a maximum penalty of five years or twenty years.

In *United States v. Damerville,* 27 F.3d 254 (7th Cir.1994), the court noted that:

[a]lthough Congress specified penalties for the distribution of certain amounts of marijuana, it refrained from identifying the amount that allows for the most lenient penalty, that as provided in § 844. "Small amount" is not defined in the statute, nor is it addressed in the legislative history of the Controlled Substances Act.

*Id.* at 258–59.[12] Neither the statute nor the legislative history define "small amount." What is a "small amount" is a quintessential question of fact. Therefore, the court FINDS that the question of whether the amount of marijuana involved was "small" is appropriate for the jury.[13]

(7th Cir.1989); *United States v. Wood,* 834 F.2d 1382, 1388 (8th Cir.1987); *United States v. Sotelo–Rivera,* 931 F.2d 1317, 1319 (9th Cir.1991); *United States v. Jenkins,* 866 F.2d 331, 334 (10th Cir.1989); *United States v. Cross,* 916 F.2d 622, 623 (11th Cir.1990) (per curiam); *United States v. Patrick,* 959 F.2d 991, 995 (D.C.Cir.1992); *see also United States v. Foye,* 68 F.Supp.2d 730, 734 (S.D.W.Va.1999) (Goodwin, J.), *aff'd,* 2000 WL 299474, 210 F.3d 362 (4th Cir.2000) (unpublished), *cert. denied,* —— U.S. ——, 121 S.Ct. 153, 148 L.Ed.2d 102 (2000)).

12. In *United States v. Damerville,* 27 F.3d 254, 258 (7th Cir.1994), the offense occurred in a penal institution, and this setting influenced the court's determination regarding whether a small amount of marijuana was distributed. Thus, if the term "small amount" is not exclusively determined by drug weight and may be relative to setting, who better to determine whether the amount of marijuana distributed is a small amount in a particular setting than the jury.

13. In the sentencing reform section of the Comprehensive Crime Control Act of 1984, the United States Sentencing Commission was established. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.C.C.A.N. (98 Stat. 1837) 3182, 3342. In performing its duties, the commission was to consider the relevance of the community view of the gravity of the offense to the sentencing decision and consider the public concern generated by the offense. As guidance for the Sentencing Commission, Congress cited two examples of situations where the Parole Commission had reflected the community view of an offense in its guidelines. One of the examples was the lowering of parole dates applicable to simple possession of marijuana. *Id.* at 3353. Who better to reflect the community view than the jury in a determination of whether a defendant will be penalized under the simple possession statute for distribution of marijuana through a finding of what is or is not a small amount.

## III.

### Conclusion

■ The language of § 841(b) clearly indicates that § 841(b)(4) is the first rung of the penalty ladder for the offense of distribution of marijuana. In addition, legislative history indicates that marijuana is not only uniquely provided for within the penalty provisions of § 841(b), but distribution of a small amount of marijuana for no remuneration carries a distinct penalty within the penalty provisions outlined in § 841(b).[14] Moreover, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. 466, 120 S.Ct. at 2355 (quoting *Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

Therefore, this court FINDS that in light of *Apprendi*, when a defendant is charged with distribution of marijuana without more, the defendant is subject to the statutory maximum penalty of one year of imprisonment pursuant to § 841(b)(4). To expose a defendant to the increased penalties within § 841(b)(1)(D),

the government must charge in an indictment, submit to a jury, and prove beyond a reasonable doubt that the amount of marijuana distributed was not small or that the distribution was for remuneration.

The court DIRECTS the Clerk to (1) send a copy of this opinion to the defendant and counsel, the United States Attorney, and the United States Probation Office, and (2) publish this opinion at www.wvsd.uscourts.gov.

---

14. The Comprehensive Crime Control Act of 1984 changed the penalty provisions applicable in § 841(a) offenses. The following excerpt of legislative history from the controlled substance amendments within this act describes the federal law before the changes.

[T]he severity of the penalties described in 21 U.S.C. 841 depends, with but one exception, solely on the scheduling of the controlled substance involved .... The only instance in which the amount of controlled substance influences the severity of the penalty is in the case of marihuana. If the offense involves more than 1,000 pounds of marijuana, 21 U.S.C. 841(b)(6) prescribes enhanced fine and imprisonment penalties.

[FN9. In addition, 21 U.S.C. 841(b)(4) provides that distribution of a small amount of marihuana for no remuneration is to be treated as simple possession under 21 U.S.C. 844.] .... *Distinct penalties* apply for offenses involving narcotic Schedule I and II substances, non-narcotic Schedule I and II substances and Schedule III substances, Schedule IV substances, Schedule V substances, distribution of small amounts of marijuana for no remuneration, phencyclidine, and more than 1,000 pounds of marijuana.
Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.C.C.A.N. (98 Stat. 1837) 3182, 3439 (emphasis added).