**UNITED STATES of America, Plaintiff,**

v.

**April LAAKKONEN, Defendant.**

**No. CRIM.A. 3:00CR–76–H.**

United States District Court, W.D. Kentucky, at Louisville.

July 13, 2001.

Mark L. Miller, United States Attorney's Office, Louisville, KY, for Plaintiff.

Samuel Manly, Kentucky Home Life Building, Louisville, KY, for Defendant.

## MEMORANDUM AND ORDER

HEYBURN, District Judge.

Defendant April Laakkonen was charged with conspiring to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846.

On November 20, 2000, she pled guilty to those charges admitting:

> That she entered into a conspiracy with [a co-defendant] and others to possess with the intent to distribute marijuana in the Western District of Kentucky and elsewhere, as charged in Count 1 of the indictment, and that she aided and abetted the possession with the intent to distribute marijuana in the Western District of Kentucky, as charged in Count 2 of the indictment.

Transcript of Change of Plea, Nov. 20, 2000 at 20 & 26. Defendant did not admit to possessing any particular amount. The indictment did not charge a specific amount of drugs and entering the plea did not require that she admit to a specific amount. She did, however, admit to possessing with intent to distribute an undetermined amount of marijuana. During the plea colloquy, counsel for Defendant asserted several times that any sentence under the indictment was governed by § 841(b)(1)(D), which contains a five-year maximum sentence and no mandatory minimum.[1] Since that time a federal district court and the Fifth Circuit have suggested that applying *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to similar circumstances requires sentencing under 21 U.S.C. § 841(b)(4), which contains a maximum term of only one year. *See United States v. Lowe*, 143 F.Supp.2d 613 (S.D.W.Va.2000); *United States v. Miranda*, 248 F.3d 434 (5th Cir. 2001). Defendant now makes the same argument. The United States is content that § 841(b)(1)(D) apply. For the reasons stated, the Court agrees with the United States.

---

1. Based upon the amount of marijuana allegedly involved (but not specifically charged), the United States initially asserted that Defendant subject to the forty year maximum and five year mandatory minimum sentences contained in 21 U.S.C. § 841(b)(1)(B).

*Apprendi v. New Jersey* continues to raise potentially earthshaking sentencing issues. In that case, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum charged in the indictment must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348. As applied to drug cases *Apprendi's* effects have been profound. In *United States v. Ramirez,* for instance, the Sixth Circuit recently construed *Apprendi* to require that a defendant convicted of violating 21 U.S.C. § 841(a) for possession with the intent to distribute cocaine be sentenced under § 841(b)(1)(C) where no amount of cocaine is alleged in the indictment. 242 F.3d 348, 351–52 (6th Cir.2001). A defendant who pleads guilty to violating § 841(a) under an indictment that does not allege any quantity of illegal drugs, and without stipulating to any amount of drugs, must be sentenced under the lowest applicable statutory maximum and mandatory minimum. *Id.* Any more severe sentence would necessarily be based on a "fact" not covered by the plea—a practice which is unconstitutional under *Apprendi. See id.* Defendant here seeks to apply a *Ramirez* analysis to charges involving marijuana. However, the statutory scheme for criminal violations involving various amounts of marijuana is slightly different from the scheme applying to cocaine. Therefore, the *Ramirez* analysis does not decide our case.

The statutory scheme at issue is relatively straightforward. 21 U.S.C. § 841(a) (2001) criminalizes manufacturing, distributing, and possessing with intent to distribute a controlled substance. One such substance is marijuana. § 812(c). The penalties for violation of § 841(a) are provided by § 841(b). Under this statutory scheme the severity of punishment increases according to the quantity of the controlled substance manufactured, possessed with intent to distribute, or distributed. The most severe penalty for violation of § 841(a)(1) prescribes a maximum penalty of life in prison for a crime involving more than 1000 kilograms of marijuana, 21 U.S.C. § 841(b)(1)(A)(vii); next, § 841(b)(1)(B)(vii) prescribes a forty year maximum and a five-year mandatory minimum for a crime involving at least 100 kilograms of marijuana; § 841(b)(1)(C) prescribes a twenty-year maximum for a marijuana related violation of § 841(a) involving between 100 and 50 kilograms; and § 841(b)(1)(D) prescribes a five year maximum for a crime involving less than 50 kilograms. Finally, § 841(b)(1)(D) contains an express exception for those cases covered by § 841(b)(4). Section 841(b)(4) prescribes a sentence for a person who violates § 841(a) by "distributing a small amount of marijuana for no remuneration." Violations covered by § 841(b) are punished pursuant to § 844, which governs simple possession and carries a one year maximum. Under the statutory scheme § 841(b)(1)(D) can apply only if § 841(b)(4) does not apply.

Defendant was charged with, and pled guilty to, possessing marijuana with the intent to distribute and conspiring to possess marijuana with the intent to distribute, not to distributing marijuana. The decisive issue for Defendant is whether § 841(b)(4) encompasses violations of § 841(a) by possessing with intent to distribute marijuana as well as distribution of marijuana. On its face, it does not. The plain language of section 841(b)(4) applies only to actual distribution of marijuana, not to possession of marijuana with the intent to distribute. There is a difference between the two. Someone who distributes necessarily possesses with the intent to distribute, but someone who possesses with the intent to distribute does not nec-

essarily distribute. In our particular circumstances, one who is charged with and pleads guilty only to possession with intent cannot be sentenced for a crime involving actual distribution.

Section 841(b)(4) contains three elements: (1) distribution, (2) of a small amount of marijuana, (3) for no remuneration. Under § 841's statutory scheme, § 841(b)(4) is a bridge between those who distribute large amounts of marijuana for profit in violation of § 841(a)(1) and those who merely possess marijuana in violation of § 844. Section 841(a)(1) does not include the offense of simple possession, and § 844 does not include any offense that involves distribution or the intent to distribute. Section 841(b)(4) provides punishment for those who, by distributing marijuana, could not otherwise be prosecuted under § 844 but who nonetheless, in Congress' judgement, qualify for § 844's relatively light punishment.

■■■■ *Apprendi* prohibits a judge from sentencing based on a fact (other than the fact of a prior conviction) not charged in the indictment or found beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348. Where Defendant pled guilty only to possessing marijuana with the intent to distribute, the Court could not sentence *under a statute requiring distribution of* marijuana. In fact, sentencing Defendant for the crime of distributing marijuana where she pled only to possession of marijuana with the intent to distribute would require the Court to rely on a fact-the actual distribution of marijuana-that was neither alleged in the indictment nor admitted in Defendant's plea. Defendant cannot be sentenced under § 841(b)(4) be-

cause she was not charged with, and did not plead guilty to, a crime under § 841(b)(4).[2]

The few other courts addressing this issue have focused on the quantity of drugs covered by § 841(b)(4) rather than the distinction between possessing with intent to distribute marijuana and distributing marijuana. In *United States v. Lowe,* the court held that § 841(b)(4) is the default sentencing provision for distributing an unspecified quantity of marijuana for an unspecified remuneration. 143 F.Supp.2d 613, 616–618. Although the defendant in *Lowe* was charged with both conspiracy to distribute marijuana and Valium (count 1) and with attempting to possess with intent to distribute marijuana (count 2), the opinion speaks only to the distribution of marijuana and is ambiguous as to whether it applies to both counts or only to count 1. In *United States v. Miranda,* the Fifth Circuit held that a defendant should be sentenced under § 841(b)(4) & 844(a) where the jury found defendants possessed with the intent to distribute a "measurable amount of marijuana." 248 F.3d 434, 444–45 (5th Cir.2001). This Court finds neither of these opinions ultimately persuasive. Each focuses too closely upon the failure to stipulate or prove a specific amount of marijuana. Sections 841(a)(1), 841(b)(1)(D), and 841(b)(4) address more than the issue of drug quantity. Other factors must also be considered when applying any of these sections-one of which is the type of criminal activity covered. The fact that § 841(b)(1)(D) and § 841(b)(4) criminalize two distinctly different kinds of acts involving the same controlled substance is more significant than the differ-

**2.** In the Court's view, Defendant is entitled to plead to the crimes charged against her in the indictment. However, Defendant cannot plead to whatever crime she chooses. The Court would not allow Defendant to plead to

a crime not charged just as the Court would not require her to admit to facts either not charged or not a necessary element of the charge.

ent quantities of drugs covered by the two sections.

Here, Defendant was required to admit to the facts supporting the indictment in order to enter a proper plea. While Defendant was not required to admit an amount, she was required to admit the conspiracy to possess marijuana with the intent to distribute and the possession of marijuana with the intent to distribute. No amount of careful lawyering could have avoided these admissions in her plea. No one can dispute that these admissions constitute a crime under § 841(a)(1), sentenceable under § 841(b)(1)(D). On the other hand, these admissions do not fit the crime set forth in § 841(b)(4), sentenceable under § 844. Indeed, these admissions are incompatible with a charge under § 841(b)(4).

For each violation of § 841(a)(1) the statutory punishment will depend on the unique facts charged in the indictment and admitted in a plea or found by a jury. Concluding that § 841(b)(4) does not apply to the crimes charged and pled to in this indictment, the Court need not reach the hypothetical issues of exactly when § 841(b)(4) might apply and whether *Apprendi* and *Ramirez* require courts to presume certain facts favorable to defendants.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant, having pled guilty to an offense under 21 U.S.C. § 841(a)(1), shall be sentenced under 21 U.S.C. § 841(b)(1)(D). The Court will set a sentencing date to resolve any other issues.