951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. SELLARS, Defendant-Appellant.
 No. 90-5987.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and, BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 James Monroe Sellars appeals his conviction for offenses related to drug trafficking. He challenges the validity of the search warrant that led officers to evidence upon which his arrest was grounded, maintains that he was improperly charged with carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), and argues that the district court erred in not reducing his sentence for acceptance of responsibility. Concluding that these claims lack merit, we affirm.
 
 I.
 
 2
 On September 16, 1988, appellant's wife, Carla Sellars, was taken into custody by Paducah police after she attempted to pass a forged prescription for a controlled substance. During subsequent questioning, she said that she knew the location of several marijuana plants. She also indicated that her husband was involved in drug trafficking. In return for assurances that she would not have to spend the night in jail and that her confidentiality would be maintained, she took the officers to the marijuana plants. She was then released without being charged.
 
 
 3
 The following day, the sergeant who interviewed Mrs. Sellars prepared an affidavit to obtain a search warrant of the residence, detached buildings, and vehicles owned by James and Carla Sellars. This affiant largely relied upon information supplied by a confidential informant who was, of course, Carla Sellars. According to the affidavit, the informant had seen marijuana at the Sellars' residence and had seen appellant sell it on at least three occasions. The affidavit further stated that the informant had no criminal record.
 
 
 4
 After obtaining the warrant, an FBI agent and local police searched the property specified in the affidavit. Officers uncovered several pounds of marijuana, as well as other evidence indicating that appellant was engaged in a significant drug trafficking operation. The police also found a number of firearms.
 
 II.
 
 5
 A defendant may challenge the truthfulness of factual statements made in an affidavit supporting a search warrant. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Appellant contends that the affidavit falsely stated that the informant had no criminal record when, in fact, the officer who prepared it knew of Carla Sellars' arrest for attempting to pass a forged prescription.
 
 
 6
 Specifically, the affidavit asserted that "[t]he 'CI' [confidential informant] did not have any type of a criminal record at all not even a traffic ticket or an accident." This statement is accurate, since after questioning the police released Carla Sellars without charging her with a crime.
 
 
 7
 Appellant also maintains that the affidavit should have included information about the circumstances under which the informant volunteered information. In advancing this argument, he reasons that these facts would have undermined the informant's credibility. However, one could argue that just the opposite is true: such a revelation might have rendered the statements more believable. Her arrest gave Carla Sellars a strong penal interest in telling the truth; she knew that lies would subject her to prosecution. Thus, we find no merit in appellant's claim that he was prejudiced by the affidavit's failure to mention the arrest.
 
 
 8
 Finally, appellant contends that the affidavit failed to show that any attempt had been made to corroborate the information supplied by the confidential informant, as required by Illinois v. Gates, 462 U.S. 213 (1983). In advancing this argument, however, appellant overlooks the fact that police officers confirmed the existence of marijuana plants at the precise location specified by the informant before applying for the search warrant. This action, when coupled with the review of Carla Sellars' criminal record, provides enough evidence of her reliability to satisfy the requirements of Gates.
 
 III.
 
 9
 The jury convicted appellant of two counts of carrying a firearm during and in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1). The district court merged these offenses for sentencing purposes.
 
 
 10
 Appellant contends that the government failed to prove that he carried his Uzi machine gun and silencer in relation to a drug trafficking crime, which section 924(c)(2) defines as "any felony punishable under the Controlled Substances Act." Authorities found the weapon in the cab of appellant's truck along with approximately six ounces of marijuana. According to appellant, distribution of a small amount of marijuana for no remuneration constitutes a misdemeanor,[1] not the felony required under section 924(c).
 
 
 11
 However, the superseding indictment charged appellant with intent to distribute a measurable quantity of marijuana. The indictment did not charge him with either simple possession or intent to distribute without remuneration. Under these circumstances, an underlying drug trafficking felony has been sufficiently established to support his firearms conviction.
 
 
 12
 Because the district court elected to merge the two section 924(c) convictions, we need not address appellant's challenge to the second of these offenses.
 
 IV.
 
 13
 Appellant's final contention is that he was entitled to a two-level reduction in his sentencing offense level because he accepted responsibility for his actions. In reviewing this issue, we apply a clearly erroneous standard. United States v. Fleener, 900 F.2d 914, 917 (6th Cir.1990).
 
 
 14
 While appellant has admitted that he grew marijuana, he has not acknowledged his use of firearms in relation to that activity. Moreover, he put the government to the burden of proof at trial, which tends to undermine his contention that he has accepted responsibility for his actions. See U.S.S.G. § 3E1.1, comment. (n. 2).
 
 
 15
 Under these circumstances, we find nothing to indicate that the district court's determination in sentencing appellant was clearly erroneous.
 
 V.
 
 16
 For the reasons set forth above, the judgment of the district court is affirmed.
 
 
 
 [1]
 Under 21 U.S.C. § 841(b)(4), "any person who ... distribut[es] a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title." Section 844, which prescribes the penalty for simple possession, allows for imprisonment of up to one year for first offenders