**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Otis James JACKSON, Defendant–
Appellant.**

**No. 00–1880.**

United States Court of Appeals,
Sixth Circuit.

May 31, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

### PER CURIAM.

Defendant Otis James Jackson appeals his sentence for conspiring to distribute marijuana. Jackson asserts that his sentence, based upon the district court's finding by a preponderance of the evidence that he was responsible for over 100 kilograms of marijuana, violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons set forth below, we VACATE Jackson's sentence and REMAND for resentencing.

### BACKGROUND

Jackson was charged with and convicted of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Neither the indictment nor the jury verdict specified a quantity of marijuana. The presentence investigation report recommended that Jackson be held accountable for in excess of 100 kilograms of marijuana. In response, Jackson submitted an alternative guideline computation, asserting that he participated in the distribution of only 28 pounds of marijuana. At sentencing, the district court found by a preponderance of the evidence that Jackson was responsible for over 100 kilograms of cocaine. Based in part on that finding, the district court sentenced him to a term of imprisonment of 84 months.

### STANDARD OF REVIEW

Although he did not make a specific *Apprendi* objection before the district court, Jackson did object to the drug quantity recommended in the presentence investigation report. This court has held that a defendant adequately preserves his *Apprendi* challenge by objecting to the

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**188**

drug quantity determination. *See United States v. Strayhorn,* 250 F.3d 462, 467 (6th Cir.2001) ("[W]e believe the record makes plain that Strayhorn preserved his challenge by repeatedly objecting to the drug quantity determination at his plea hearing and at his sentencing hearing, as well as in a written objection to the calculation of his base offense level in his presentence report. Although he did not utter the words 'due process' at either of these hearings, he made it well known that he disputed the district court's factual finding with respect to drug quantity."). We therefore review Jackson's challenge to his sentence *de novo. Id.*

### DISCUSSION

*Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The statutory maximum for distributing an undetermined amount of marijuana is five years. 21 U.S.C. § 841(b)(1)(D). Jackson's sentence of 84 months, based in part on the district court's drug quantity determination by a preponderance of the evidence, exceeds the five-year statutory maximum by two years. The prosecution concedes in its brief that the sentencing of Jackson violates *Apprendi.* We agree.

### CONCLUSION

Therefore, Jackson's sentence is VACATED, and the case is REMANDED for resentencing.