**UNITED STATES of America, Plaintiff–Appellee,**

v.

**April LAAKKONEN, Defendant–Appellant.**

**No. 01–5983.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2003.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

KRUPANSKY, Circuit Judge.

The defendant-appellant April Laakkonen ("Laakkonen" or "the defendant") has contested her forty-two month prison sentence imposed for marijuana offenses. On November 20, 2000, the defendant pleaded guilty to one count of conspiracy to possess an unspecified amount of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; plus one count of aiding and abetting the possession of an unspecified quantity of marijuana with intent to distribute, in offense to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. However, she did not execute any Fed. R.Crim.P. 11 written plea agreement. Instead, she verbally admitted only the charged elements of the two crimes which had been alleged in her July 5, 2000 indict-

ment. Accordingly, she stipulated, *inter alia*, that she had conspired to possess, and had aided and abetted the possession of, marijuana, with intent to distribute, but she did not concede her involvement with any specific amount of that controlled substance.[1] *See United States v. Laakkonen,* 149 F.Supp.2d 315, 316 (W.D.Ky.2001).

In her March 2001 written objections to her presentence investigation report ("PSR"), as well as in her April 19, 2001 sentencing memorandum, Laakkonen argued that, by reason of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),[2] she could be sentenced to no more than the incarceration term authorized by 21 U.S.C. § 841(b)(4), which directs that a person convicted of "distributing a small amount of marijuana for no remuneration" should be penalized under 21 U.S.C. § 844, which in turn designates the "simple possession" of marijuana a *misdemeanor* offense punishable by no more than one year in prison.[3] In support of her sentencing posture, the defendant contended that the "default" *felony* marijuana sentencing statute, namely 21 U.S.C. § 841(b)(1)(D), which, *inter alia,* mandates a five-year maximum period of incarceration for the "offense simpliciter" of possessing less than 50 kilograms of marijuana with intent to distribute, should not be applied to her, because neither any precise marijuana quantity attributable to her which might comprise more than "a small amount," nor her expectation of financial reward for committing the subject crimes, had been pleaded in the indictment or proved beyond a reasonable doubt.

On July 13, 2001, in a published prejudgment ruling, the district judge rejected the defendant's argument, resolving that Laakkonen must be sentenced under § 841(b)(1)(D) rather than § 841(b)(4) because she had been charged only with offenses related to the conspiratorial *possession* of marijuana with intent to distribute (which are encompassed by § 841(b)(1)(D)), but *not* with the actual *distribution* of marijuana (which is a requisite element of a § 841(b)(4) infraction). Accordingly, because the facts alleged in the indictment and admitted by the defen-

---

1. Because Laakkonen had stipulated to the factual bases for her guilty-plea conviction, and her challenges asserted on review are strictly legal, the facts of her offenses are not directly germane to the instant appeal, with certain exceptions developed herein. Briefly stated, federal narcotics agents apprehended the defendant at a motel in Louisville, Kentucky, following a material tip supplied by her co-conspirator. The defendant's cohort had been arrested by Illinois police near Peoria while driving a rented Lincoln Continental, in which she was transporting 269 pounds of marijuana. Laakkonen's erstwhile confederate, now a cooperating witness, informed investigators that her contraband was destined for Louisville, Kentucky. During a subsequent monitored rendezvous in Louisville between the confidential informant and a third participant in the drug syndicate, the accomplices identified Laakkonen and her whereabouts. Federal law enforcement officials then located the defendant and, during a sub-

sequent consent search of her rented Pontiac Grand Am, discovered approximately 221 pounds of marijuana. Laakkonen confessed to the arresting officers that she was to be paid $2,000 for muling that cannabis to Louisville.

2. The essence of the *Apprendi* mandate was that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

3. Any federal offense punishable by an imprisonment term of one year or less, but more than five days, is classified a "misdemeanor;" whereas any federal crime punishable by more than one year in a United States penitentiary is categorized a "felony." *See* 18 U.S.C. § 3559(a).

dant restricted the trial court to sentencing for *possessory* violations, that court concluded that it must apply the five-year maximum provision of § 841(b)(1)(D), rather than the one-year maximum implicated by § 841(b)(4). *Laakkonen,* 149 F.Supp.2d at 317–19.

On July 26, 2001, the lower court imposed concurrent imprisonment terms of forty-two months (or three and one-half years) for each of Laakkonen's two charges of conviction, to be followed by three years of supervised release, plus a $200 assessment. The sentencing court exacted Laakkonen's incarceration penalty by determining, by a preponderance of the evidence, that she was responsible for approximately 214.099 kilograms of marijuana, which it computed by combining the amounts surfaced by the authorities in the automobiles driven by Laakkonen and her accomplice. *See United States v. Dunlap,* 209 F.3d 472, 476–77 & n. 8 (6th Cir.2000) (explaining that Guidelines sentencing factors may be found by the sentencing court by a preponderance of the evidence; those factual findings are reviewed for "clear error").[4] The district judge's marijuana quantification yielded a base offense level of 26. U.S.S.G. § 2D1.1(c)(7) (controlling quantities of marijuana between 100 kilograms and 400 kilograms). Reductions for executing a minor role in the offense under U.S.S.G. § 3B1.2(b) (two points) and for acceptance of responsibility under U.S.S.G. § 3E1.1 (three points) produced an adjusted offense level of 21, which, when matched with the defendant's category-II criminal history, produced a Guidelines sentencing range of forty-one to fifty-one months in the custody of the United States

Bureau of Prisons. U.S.S.G. § 5A (Sentencing Table).

The trial jurist elected to sentence Laakkonen at the low end of the Guidelines range (forty-two months), which duration was encompassed by the statutory outer boundary of sixty months prescribed by 21 U.S.C. § 841(b)(1)(D). In so doing, the trial court implicitly rejected the defendant's second *Apprendi*-based argument, which she had posed at her July 24, 2001 sentencing hearing, that she should be sentenced under U.S.S.G. § 2D1.1(c)(17), the "default" *Guidelines* section for less than 250 grams of marijuana, which would trigger a base offense level of six.[5]

On review, the defendant has averred that the trial court committed two *Apprendi*-related legal errors, namely: (1) it allegedly should not have made *any* marijuana quantification finding by a preponderance of the evidence, *including for Guidelines calculation purposes,* but instead should have sentenced her with reference to U.S.S.G. § 2D1.1(c)(17), the "default" Guidelines provision; and (2) it purportedly should have determined her *statutory maximum* penalty with reference to 21 U.S.C. § 841(b)(4), the "default" proviso for certain minor uncompensated distribution-of-marijuana offenses. Those assignments of legal error are examined *de novo. See Scott v. Clay County, Tenn.,* 205 F.3d 867, 875 n. 11 (6th Cir. 2000).

■ Unfortunately for the defendant, both of her misconceived charges of error have been rejected by binding precedents of the Supreme Court and the Sixth Circuit. The Supreme Court has recently

---

4. The defendant has not claimed that the trial court's marijuana quantification was clearly erroneous as a factual matter. Rather, she has assailed the propriety, as a matter of law, of *any* drug quantity finding made by the trial court in light of *Apprendi,* as evolved herein.

5. Assuming no adjustments to the base offense level, the offense level advocated by Laakkonen (6), coupled with her criminal history category (II), would produce a Guidelines sentencing range of one to seven months in federal custody. U.S.S.G. § 5A.

refined *Apprendi* and its progeny by reaffirming the crucial constitutional distinction, recognized at least since *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), between the *elements* of a crime (which should each be pleaded in the indictment and found by a jury beyond a reasonable doubt) versus *sentencing factors* relevant to a criminal conviction (which need not be alleged in the indictment and may be found by the sentencing jurist by a preponderance of the evidence). The Court has recently instructed that even a sentencing factor which severely restricts the sentencing court's discretion within the statutory sentencing range for the crime of conviction need not be found by a jury, but instead may be assigned by Congress to the trial court for findings based upon a preponderance of the evidence. *See Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 2441 n. 5, 153 L.Ed.2d 556 (2002); *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2410, 2412–13, 2420, 153 L.Ed.2d 524 (2002).

In accordance with those mandates, the Sixth Circuit has propounded that *Apprendi* does not impede the trial court's long-established power to find Guidelines sentencing factors by a preponderance of the evidence, as long as the resulting sentence does not exceed the statutory maximum sentence for the crime of conviction. *United States v. Leachman*, 309 F.3d 377, 381–83 (6th Cir.2002); *United States v. Samuels*, 308 F.3d 662, 671–72 (6th Cir. 2002); *United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir.2002); *United States v. Chapman*, 305 F.3d 530, 534–36 (6th Cir.2002). Therefore, in the case *sub judice*, the district judge did not legally err by sentencing the defendant with reference to U.S.S.G. § 2D1.1(c)(7) (which produced a base offense level of 26), because that Guideline was triggered by the quantity of marijuana which the trial court found, by a preponderance of the evidence, to have been attributable to Laakkonen; and her resulting Guidelines sentence, which totaled forty-two months in penal custody, did not exceed the statutory maximum custodial exposure of sixty months authorized by Congress via 21 U.S.C. § 841(b)(1)(D) for each of her crimes of conviction.

■ Alternately, the defendant has argued that, under *Apprendi*, the presiding judge legally erred by applying the § 841(b)(1)(D) "default" *statutory* maximum term governing marijuana possession convictions (five years), instead of the § 841(b)(4) statutory maximum span applicable to convictions for distribution of small amounts of cannabis absent compensation (one year). That ill-formulated argument has been rejected by the Sixth Circuit:

[The defendant] argues that 21 U.S.C. § 841(b)(4) furnishes the applicable statutory maximum. That subsection provides that any person who violates the prohibition on possessing or distributing marijuana "by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18." 21 U.S.C. § 841(b)(4). The maximum term of imprisonment under § 844 is one year. In contrast, the government contends that 21 U.S.C. § 841(b)(1)(D), which provides for a maximum sentence of five years "[i]n the case of less than 50 kilograms of marihuana," is the statutory maximum.

We believe that the government is correct. Because *Apprendi* is concerned with the *facts* that a jury must decide, "the proper 'baseline' or 'default' provision is not the provision with the lowest *penalty,* but rather the one which states a complete crime upon the fewest *facts.*" *United States v. Outen*, 286 F.3d 622, 638 (2d Cir.2002) (emphasis in original). Section 841(b)(4), therefore, cannot be the default provision for marijua-

na violations where the quantity of the drug is undetermined, because it requires proof of an additional fact—the absence of remuneration. *Id.* at 639; *accord United States v. Sellars*, No. 90–5987, 1991 WL 270821, at *2 (6th Cir. Dec.19, 1991) (unpublished table decision) (declining to apply § 841(b)(4) because the superseding indictment charged the defendant with intent to distribute a measurable quantity of marijuana, not with either simple possession or the intent to distribute without remuneration).

We therefore conclude that § 841(b)(1)(D) is the statute that prescribes the maximum sentence for possessing or conspiring to distribute an undetermined amount of marijuana. *United States v. Jackson*, 36 Fed. Appx. 187 (6th Cir.2002) (per curiam) (unpublished table decision) ("The statutory maximum for distributing an undetermined amount of marijuana is five years."). Harris's sentence of 60 months' imprisonment, therefore, does not implicate his Fifth or Sixth Amendment rights. We note that, in any event, the evidence at trial was overwhelming that Harris's criminal conduct involved at least 28 pounds of marijuana, which is clearly more than a "small amount."

*United States v. Bartholomew*, 310 F.3d 912, 925–26 (6th Cir.2002) (emphases in original), *cert. denied*, 2003 WL 167752 (U.S. Jan.27, 2003) (No. 02–8065).

Hence, contrary to Laakkonen's assertion, 21 U.S.C. § 841(b)(4) cannot govern the sentencing of any marijuana "possession with intent to distribute" conviction, because that section facially applies only to the sentencing of a narrow class of small-scale unrecompensed marijuana distributions. By contrast, Laakkonen confessed to two charged offenses which implicated the conspiratorial possession with intent to distribute, but *not* the actual distribution, of marijuana; moreover, the indictment against her did *not* allege that she had committed those offenses absent an expectation of financial gain. In any event, the allegations contained in Laakkonen's indictment, especially the averments that she possessed marijuana with intent to distribute in concert with several accomplices, are inherently inconsistent with the "misdemeanor" scenario patently envisioned by Congress underlying § 841(b)(4), to wit, the gratuitous "social" distribution of a joint or two to a fellow drug abuser. Therefore, the district judge correctly ruled that the 21 U.S.C. § 841(b)(1)(D) "default" statutory maximum range of sixty months controlled Laakkonen's sentencing.

Accordingly, the district court's judgment of conviction and sentence against Laakkonen is AFFIRMED.