**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eric COVINGTON, Defendant–Appellant.**

No. 02–5474.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2004.

Charles P. Wisdom, Jr., James E. Arehart, Asst. U.S. Attorneys, Lexington, KY, Edwin J. Walbourn, III, U.S. Attorney's Office, Covington, KY, for Plaintiff–Appellee.

Eric Covington, pro se, Lexington, KY, Hal Roger Arenstein, Arenstein & Gallagher, Cincinnati, OH, for Defendant–Appellant.

Before MERRITT, DAUGHTREY and GIBBONS, Circuit Judges.

MERRITT, Circuit Judge.

This sentencing case is here for the second time because of the problem created by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The defendant Covington, who has one prior felony drug conviction, was sentenced before *Apprendi* was decided, and the case was pending on appeal when *Apprendi* was decided. On March 21, 2001, we remanded this criminal appeal for resentencing under *Apprendi.* After the remand the District Court sentenced the defendant to 97 months, apparently relying on 21 U.S.C. § 841(b)(1)(D). As counsel for defendant states at page 7 of his brief, the "only issue presented in this appeal is the effect of *Apprendi v. New Jersey* on appellant's sentence."

Here the defendant Covington was only charged in Count 1 of the indictment in this case. That count says:

> Beginning on or about January, 1996, and continuing up to and including December, 1997, in Campbell and Kenton Counties, in the Eastern District of Kentucky and elsewhere,

RICK HAY JIMMY KLOPFER DAVID KORDENBROCK BRIAN SPAULD-ING ERIC COVINGTON BEVERLY ALLEN KING

defendants herein, did knowingly and intentionally conspire with Anthony Rademaker, John Kevan Hay, David Durso, Bonnie Hay, and Jerry Baggs, and each other and others known to the grand jury *to distribute and possess with the intent to distribute a measurable quantity of marijuana,* a Schedule I controlled substance, as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Thus, the Count contains no allegation concerning a quantity of marijuana other than "a measurable amount" and although it charges "distribution," it does not charge that the distribution was for "remuneration" or for "no remuneration." The *Apprendi* problem here arises because there is an ascending set of sentences for marijuana distribution in § 841 with maximum penalties as follows:

1. Section 841(b)(4) says:

(4) Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by *distributing a small amount of marijuana for no remuneration* shall be treated as provided in § 844 of this title .... (emphasis added.)

Section 844 which sets out penalties for "possession" provides for a sentence of a defendant with a prior drug felony of "not less than 15 days but not more than two years."

2. Section 841(b)(1)(D) says:

In the case of less than 50 kilograms of marijuana ... such person shall, except as provided in paragraphs 4 and 5 of this subsection, be sentenced to not more than five years.... If any person

commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than ten years....

3. Section 841(b)(1)(B) provides that for "100 or more" kilos of marijuana the sentence shall be not less than 10 years for a person with a prior felony conviction.

4. Section 841(b)(1)(A) provides that for "1,000 or more" kilos the sentence shall be not less than 20 years for a person with a prior conviction.

The defendant, with one prior felony conviction, argues that since "remuneration" is not charged and only a "measurable amount" is charged, he should be sentenced only under § 841(b)(4) which provides in his case for a maximum penalty of two years, instead of the 97 months the District Court imposed under § 841(b)(1)(D). He argues that a "small amount" is necessarily included in a "measurable amount," the words of the indictment, and that "distributing ... without remuneration" is necessarily included within "distribute and possess," the words used in the indictment.

Given the language of *Apprendi,* this argument is certainly plausible. But it has previously been specifically rejected by this Court in *United States v. Campbell,* 317 F.3d 597 (6th Cir.2003), a case we are required to follow. *See United States v. Dunlap,* 209 F.3d 472, 481 (6th Cir.2000). In a later unpublished opinion the Court explained *Campbell* as follows:

[T]he allegations contained in Laakkonen's indictment, especially the averments that she possessed marijuana with intent to distribute in concert with several accomplices, are inherently inconsistent with the "misdemeanor" scenario patently envisioned by Congress underlying § 841(b)(4), to wit, the gratuitous "social" distribution of a joint or two to a fellow drug abuser. Therefore,

the district judge correctly ruled that the 21 U.S.C. § 841(b)(1)(D) "default" statutory maximum range of sixty months controlled Laakkonen's sentencing.

*United States v. Laakkonen,* 59 Fed.Appx. 90, 2003 WL 343291, 2003 U.S.App. LEXIS 2752, at *13–14 (6th Cir. Feb. 12, 2003) (Krupanky, Siler, Cole).

Thus we must conclude based on these cases that the District Court properly found (b)(1)(D) as the correct "default" statutory provision and sentenced defendant accordingly.

■ As to defendant's downward departure argument, we conclude that the district judge was aware of his authority in this respect and that the claim is not appealable. *See United States v. McGahee,* 257 F.3d 520, 531–32 (6th Cir.2001).

The judgment of the District Court is therefore AFFIRMED.