Certiorari Denied, March 12, 2014, No. 34,561

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:  2014-NMCA-039**

**Filing Date:  January 27, 2014**

**Docket No. 32,008**

**STATE OF NEW MEXICO,**

>    **Plaintiff-Appellant,**

**v.**

**LAWRENCE SEDILLO,**

>    **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

#### OPINION

**GARCIA, Judge.**

**{1}**    The State appeals a pretrial ruling by the district court excluding certain photographic evidence as hearsay. The State proposed to use the evidence to establish that Defendant was in possession and control of the northwest bedroom of his father's home where methamphetamine was seized during a lawful search. Because the photographs of two

1

telephone correspondence documents are relevant for a legitimate independent purpose that does not rely upon the truth of the statements contained therein, those photographs are not hearsay. We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

**{2}** Defendant was charged with possession of methamphetamine based on evidence uncovered during a legal search of his father's home. The methamphetamine evidence was found in at least two locations inside the house, but none was found on Defendant's person or in his immediate possession.

**{3}** According to the State's theory of the case, it would attempt to prove that Defendant was in possession of the methamphetamine by establishing that he lived in a northwest bedroom where one quantity of the substance was found. During the search of that northwest bedroom, the police officers found two correspondence documents relating to telephone service and a handwritten note solely containing Defendant's name and the address of his father's home. The officers photographed, but did not seize, these three documents. The State intended to use these three photographs to link Defendant to the northwest bedroom.

**{4}** Relying upon the hearsay exclusion, Defendant filed a pre-trial motion in limine seeking to exclude the three specific photographs. The district court granted Defendant's motion in limine and excluded the photographs as inadmissible hearsay evidence that was not relevant for any non-hearsay purpose. The State filed a timely appeal of the district court's ruling.

## STANDARD OF REVIEW

**{5}** The State contends that the district court erred in excluding the three photographs on the basis of hearsay and argues that they are relevant and admissible for another purpose. We review this ruling for an abuse of discretion. *See State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted).

## DISCUSSION

**{6}** On appeal, the State argues that the district court erred in excluding the three photographs as hearsay because they were not offered to prove the truth of any assertion contained in the photographed documents. Hearsay is an inadmissible out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 11-801(C)(2) NMRA; Rule 11-802 NMRA. If an out-of-court statement is offered for a legitimate purpose other than its truth, the statement does not constitute hearsay and is not

rendered inadmissible on that basis. *Otto*, 2007-NMSC-012, ¶ 18. To be admissible as non-hearsay, an out-of-court statement must have a legitimate probative purpose that is not dependent upon its truth. *Id.* ¶ 19. However, if the legitimacy of the State's alternative non-hearsay purpose only relies upon the truth of the matter asserted, then the statement will not overcome its hearsay nature and remains inadmissible. *Id.* ¶ 20. Once it is established that evidence is admissible for a legitimate non-hearsay purpose, it "is not to be excluded because it is inadmissible for another purpose." *State v. Rivera*, 1993-NMCA-011, ¶ 18, 115 N.M. 424, 853 P.2d 126.

**{7}** Our analysis must determine what factual assertions, if any, are made by the exhibits in question and whether these statements have another legitimate evidentiary purpose that is not dependent upon the truth of the matters asserted in the actual documents. *See Otto*, 2007-NMSC-012, ¶ 20. We shall jointly address the two correspondence photographs related to telephone service. Then we will address the photograph of the handwritten note.

**A.    Correspondence Relating to Telephone Service**

**{8}** The two telephone correspondence documents excluded by the district court were: (1) a photograph of a portion of a telephone bill that does not include any name or telephone number, and (2) a photograph of a printed document—in the same colors, font, and style as the telephone bill—that stated, "Congratulations Lawrence Sedillo! You are done! Turn off your handset and turn it back on . . . Information below. You can print this page to keep as a record of this transaction." The first correspondence merely informs an unidentified customer that he or she must pay forty dollars to avoid cancellation of telephone services while the second provides instructions for activating a handset. We agree with the State that these correspondence documents were offered for another legitimate purpose other than to prove the truth of any statement contained therein and did not constitute inadmissible hearsay.

**{9}** The State did not intend to prove that Defendant was required to pay forty dollars in order to avoid cancellation of his telephone services or that Defendant was "done" and could turn his handset off and then back on. Instead, the State sought to use the two telephone correspondence documents as personal records of the individual residing in the northwest bedroom of Defendant's father's house. The reasonable inferences that the State can ask the jury to draw from this circumstantial evidence are: (1) that this telephone customer—Defendant here—kept his personal telephone correspondence documents in the northwest bedroom of the house, and (2) that such personal correspondence was evidence that this telephone customer exercised control over the northwest bedroom where drugs were located.

**{10}** We have previously admitted similar evidence as non-hearsay when it was relevant to prove the separate and legitimate purpose of a defendant's exercise of control over a particular location where drugs are found. *See Rivera*, 1993-NMCA-011, ¶¶ 17-18 (admitting a receipt showing that a gun purchased the day before was found in a bag with

3

the same gun inside because it was introduced to show that the defendant exercised control over the place where the gun was kept, not as proof of the truth of the matters contained on the face of the receipt—that the defendant purchased the gun on a particular day, from a particular vendor, and for a particular price); *State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898 ("The presence of drugs in a drawer in the defendant's bedroom, when defendant's papers were also in the drawer, supports an inference that the defendant exercised control over the drawer's contents and knew the drugs were present."); *see also United States v. Ashby*, 864 F.2d 690, 693 (10th Cir. 1988) (admitting a car title showing that the defendant owned the car as non-hearsay, because the title was not admitted to show actual ownership of the vehicle, but rather, to show that the defendant had a connection to the car in which drugs were found); *United States v. Arrington*, 618 F.2d 1119, 1126 (5th Cir. 1980) (admitting utility bills as non-hearsay when they were introduced to show that the defendant lived in the house in which contraband was found). We conclude that the personal telephone correspondence documents were independently relevant to legitimately establish a separate purpose—that Defendant exercised control over the northwest bedroom in his father's house.

**{11}**     Defendant contends that the district court did not err in excluding the correspondence documents because the legitimacy of this non-hearsay purpose materially relied upon the truth of the statements contained in the correspondence documents. Defendant relies on *United States v. Markopoulos*, 848 F.2d 1036 (10th Cir. 1988), to argue that the telephone correspondence documents cannot escape their hearsay nature because they included his name and the State was offering the documents for the purpose of proving that the telephone correspondence documents belonged to him and not some other Lawrence Sedillo. *Markopoulos* involved a vehicle rental contract, credit card voucher, and receipts that were offered solely to prove the specific identity of the renter. *Markopoulos*, 848 F.2d at 1039. *Markopoulos* is distinguishable because the specific identity of the telephone customer in this case is not the only legitimate purpose for which the correspondence documents are being offered. These telephone correspondence documents were also circumstantial evidence that the named telephone customer exercised control over the location where they were found. *See Rivera*, 1993-NMCA-011, ¶ 17. Although this personal correspondence included Defendant's name, its proposed use was not solely to identify Defendant. Instead, the correspondence documents were used for the separate and legitimate purpose of establishing the location where Defendant kept his personal belongings and correspondence. *See Brietag*, 1989-NMCA-019, ¶ 14. Because the telephone correspondence documents were not hearsay, the district court erred when it excluded the photographs on hearsay grounds.

**{12}**     Defendant further argues that the records should nevertheless be excluded as irrelevant because they are not reliable. He bases his argument on *State v. Alberico*, 1993-NMSC-047, 116 N.M. 156, 861 P.2d 192. In *Alberico*, our Supreme Court held that scientific evidence is only relevant if it is shown to be reliable. *Id.* ¶ 53. Reliability in that context relates to whether a scientific method or technique is able to bring about consistent results. *Id.* ¶ 49. Defendant fails to explain how this concept of scientific reliability applies to non-scientific evidence that is admitted simply to show that a defendant has control over

4

a particular place where his documents are kept. *See State v. Vandever*, 2013-NMCA-002, ¶ 19, 292 P.3d 476 ("When a party does not cite authority to support an argument, we may assume no such authority exists."), *cert. denied*, 2012-NMCERT-011, 297 P.3d 1226; *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 ("When a criminal conviction is being challenged, counsel should properly present [the appellate courts] with the issues, arguments, and proper authority."). Any measurement of reliability actually rests upon the credibility of the witnesses that testify about the documents located in the northwest bedroom. To the extent that the credibility of the witnesses is relevant, it will be tested when the officers who executed the search warrant testify at trial and are subject to cross-examination. *See State v. McClaugherty*, 2008-NMSC-044, ¶ 56, 144 N.M. 483, 188 P.3d 1234 (indicating that the requirement of reliability of a witness statement is met by sworn, in-court testimony of that witness, who is subject to cross-examination). We determine that there is no merit to Defendant's reliability argument at this time. We decline Defendant's request to affirm the exclusion of the telephone correspondence documents on other evidentiary grounds that were not relied upon by the district court in its ruling below. *See State v. Randy J.*, 2011-NMCA-105, ¶ 28, 150 N.M. 683, 265 P.3d 734. We leave these additional evidentiary rulings to the sound discretion of the district court and its further consideration upon remand.

**B.      The Handwritten Note Containing a Name and Address**

**{13}**    The next issue is whether the district court abused its discretion in excluding the handwritten note that contained Defendant's name and the address of his father's home. This document was a small plain white piece of paper with only the following text handwritten on it:

Lawrence Sedillo
425 EL ensueno
NE
87108
<u>2</u> <u>4</u> <u>6</u> <u>8</u>

**{14}**    The State sought to admit the photograph of this piece of paper for the same reason it sought to admit the telephone records—to establish Defendant's control over the bedroom where drugs were found. Although the State offered this evidence for the same purpose as it offered the telephone correspondence documents, the telephone correspondence evidence contained separate information and had a functional purpose that was distinct from the mere identity of a particular person or recipient. *See United States v. Singer*, 687 F.2d 1135, 1147 (8th Cir. 1982) (stating that an envelope containing the defendant's name and address would be inadmissible hearsay if admitted to show that the defendant lived at that address, but not if it was introduced to show that it could be inferred by the sender's conduct of mailing the letter that the defendant lived there). The safe keeping of personal correspondence records in a particular location can separately establish an element of control over the location and its contents. *See United States v. Hazeltine*, 444 F.2d 1382, 1384 (10th Cir. 1971) (holding

5

that an envelope addressed to the defendant was not hearsay when it was admitted to prove that he was the occupant of the prison cell in which drugs were found); *Shurbaji v. Commonwealth*, 444 S.E.2d 549, 551 (Va. Ct. App. 1994) (holding that utility bills addressed to the defendant were not hearsay when they were admitted as circumstantial evidence that the defendant stored his property in a bedroom in which drugs were found); *State v. McCurry*, 582 S.W.2d 733, 734 (Mo. Ct. App. 1979) (holding that a telephone bill addressed to the defendant at the home where drugs were found was not hearsay when it was not offered to show the truth of the matters asserted on the face of the bill and was instead offered because it was a personal effect of the defendant that was circumstantial evidence connecting him to the bedroom where the drugs were located). It was the separate nature of these personal correspondence records that provided another legitimate purpose allowing for their admissibility and not the particular truth of any matter asserted in their content.

**{15}**    The nature of the handwritten note in this case cannot automatically be classified as personal correspondence or property of Defendant. The note contained no separate indicia of authorship, ownership, association, or purpose. It is clearly distinct in nature from the telephone correspondence documents or other types of personal property that contain some indicia of ownership or purpose. Without more supporting evidence, it is mere speculation to presume that the note is the personal property of Defendant. *See State v. Rojo*, 1999-NMSC-001, ¶ 31, 126 N.M. 438, 971 P.2d 829 ("A conclusion based on mere conjecture or surmise will not support a conviction." (internal quotation marks and citation omitted)); *State v. Leahy*, 78 P.3d 132, 135 (Or. Ct. App. 2003) (recognizing that the appellate court will not speculate about how the record may have been developed further for the possible admission of evidence that was properly excluded on the grounds of hearsay). Standing alone, this note did not contain independently relevant information other than the potential truth of the name and address written on its face. *See Bernadyn v. State*, 887 A.2d 602, 606-15 (Md. 2005) (holding that a medical bill that had the defendant's name and address on it was hearsay when admitted to show that the defendant lived at the address); *see also Singer*, 687 F.2d at 1147.

**{16}**    It was not unreasonable or untenable for the district court to rule that the handwritten note exclusively containing Defendant's name and an address, without more, is insufficient to establish that it is the personal property of Defendant or otherwise has a legitimate independent purpose or probative effect that extends beyond the truth of the matters asserted. *See Otto*, 2007-NMSC-012, ¶¶ 18-20. Based upon its nature and content, any use of the note to establish who had control over the northwest bedroom would be speculation and solely dependent upon the truth of the identifying information stated in the note—Defendant's name and his father's address. *See id.* Although the State argues that more can be insinuated from such a note, it has failed to provide any independent content or other association to this document that can be used for a purpose other than the specific identification of Defendant at the address stated therein. *See United States v. Patrick*, 959 F.2d 991, 1000 (D.C. Cir. 1992) ("Unlike the use of the name on the receipt to show that an item belonging to [the defendant] was found in the bedroom, the prosecutor published [the defendant's] address as it appeared on the receipt to prove the truth of the matter asserted, that is, the address of [the

defendant's] residence."), *abrogated on other grounds as recognized by United States v. Lowe*, 143 F. Supp. 2d 613 (S.D. W. Va. 2000). Indisputably, such a use of the address was hearsay. *See id.*

**{17}**  Finally, we reject the State's argument that the note is too ambiguous to constitute an assertion and therefore is not a "statement," a required prerequisite for the application of the hearsay rule. *See* Rule 11-801(A). The words contained in the handwritten note constitute a direct statement and assertion by an unknown person who wrote down a specific name and address for the purpose of identification. This is precisely the same assertion and purpose the State desires to utilize this same document for—the truth of the identification asserted by the writer. We are not persuaded by the State's argument or authority that was offered to challenge the handwritten statement on the basis that it was similar to non-verbal conduct. The district court did not abuse its discretion when it recognized the note as a factual assertion intended to establish identification within the scope of Rule 11-801(A).

**{18}**  Based upon the nature of the handwritten note that was photographed in the northwest bedroom, the State has failed to establish any other legitimate and independently relevant purpose for offering the photograph into evidence and none can be established from the record. Its exclusion as inadmissible hearsay was within the sound discretion of the district court.

**CONCLUSION**

**{19}**  We affirm the district court's decision to exclude the photograph of the handwritten note on the basis of hearsay, but conclude that the exclusion of the photographs of the telephone correspondence documents on hearsay grounds was improper and resulted in error. We reverse the district court's order excluding the photographs of the telephone correspondence documents on the grounds of hearsay and remand to the district court for further proceedings.

**{20}**  **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *State v. Sedillo*, No. 32,008**

7

**APPEAL AND ERROR**
Standard of Review

**CRIMINAL LAW**
Controlled Substances

**EVIDENCE**
Handwriting Exemplars
Hearsay Evidence
Photographs