**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 33,742

**JOSEPH MICHAEL ORTIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Works L.L.C.
John McCall
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant appeals his conviction arising from the burglary of a home in Roswell, New Mexico, raising three issues on appeal. This Court issued a calendar notice proposing to affirm, and Defendant has filed a memorandum in opposition.

Having duly considered that memorandum, we remain unpersuaded and now affirm Defendant's conviction.

{2}     As his first issue, Defendant's docketing statement asserted that text messages retrieved from a cell phone and admitted into evidence should have been excluded as unduly prejudicial. [DS 8] The district court partially granted Defendant's motion in limine with regard to those text messages, requiring the redaction of 135 of the 329 messages retrieved. [RP 199-200] Our calendar notice observed that the text messages at issue were relevant to establishing that the cell phone from which they were extracted was owned or used by Defendant. [CN 2] We also noted that Defendant's docketing statement made no attempt to identify which of the messages received in evidence prejudiced him "or in what way that prejudice may have outweighed the probative value of those messages." [CN 3] It is not the proper role of this Court to scour the record below searching for error. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (declining to "search the record for facts, arguments, and rulings in order to support generalized arguments"); *cf. N.M. Dep't of Human Servs. v. Tapia*, 1982-NMSC-033, ¶ 11, 97 N.M. 632, 642 P.2d 1091 (observing that "[c]ourts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers").

{3} In his memorandum in opposition, Defendant now asserts that the messages admitted were impermissible propensity evidence, but he still fails to identify any specific text message that the district court should have excluded. Instead, Defendant asserts that "[t]he remaining 194 un-redacted portions of cellular phone messages not excluded as evidence by the [c]ourt were unfairly prejudicial."[1] [MIO 4] It thus appears that Defendant is asserting that every text message received in evidence was improper propensity evidence. Without scouring the entire record, we note that the first text message retrieved from the cell phone at issue was an outgoing message with the text "Have u got that key yet? Mike ortiz." [RP 206] Defendant has not explained how this message, which is one of many similarly innocuous messages, establishes any propensity toward criminal activity or is otherwise prejudicial. Defendant's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant has failed to do so. Finding no error in the district court's ruling in limine, we affirm that ruling.

---

[1] Due to a clerical error, our calendar notice referred to the "135 text messages not excluded by the district court[.]" [CN 3] Defendant's memorandum in opposition accurately states the number of text messages received in evidence, which was 194.

{4}     As his second appellate issue, Defendant claims that the district court erred in admitting a photograph of writing on a door to the house where stolen property was recovered. [DS 9] As depicted in the photograph, which was admitted over Defendant's hearsay objection, the writing said, "[p]lease do not break in here Mike Ortiz! Neighbors watching you break my heart." [DS 9] Our calendar notice proposed to affirm on the basis that the photograph was not offered to prove the truth of any matter asserted in the writing. [CN 3-4] In his memorandum in opposition, Defendant argues both that the photograph was introduced to show where he lived and that the writing was too ambiguous to be probative of any relevant fact. [MIO 7, 9]. The recovery of stolen property at Defendant's home, of course, would be a relevant fact. Thus, the photograph at issue is relevant if it tends to establish that Defendant lived in the house where that property was recovered. *See* Rule 11-402 NMRA (general admissibility of relevant evidence).

{5}     In arguing that the photograph should have been excluded as hearsay, Defendant relies on *State v. Sedillo*, 2014-NMCA-039, ¶ 16, 321 P.3d 152, in which this Court affirmed the exclusion of a "handwritten note exclusively containing [the d]efendant's name and an address, without more[.]" [See MIO 8-9] As we observed in that case, the note at issue in *Sedillo* was being offered to prove "the specific identification of [the d]efendant at the address stated therein." *Id*. Thus, the note was

being offered to establish the matter asserted in the note, itself, which we described as "the potential truth of the name and address written on its face." *Id.* ¶ 15. Thus, in *Sedillo*, unlike the present case, the writing at issue actually asserted the fact for which it was being offered—that the person named lived at the address recorded. The writing at issue in this case makes no such assertion.

{6}     The relevance of the writing at issue in this case does not derive from its content, but flows exclusively from the fact that someone wrote it on Defendant's door. As such, that writing is admissible for a reason actually mentioned in *Sedillo*, which approvingly describes a case from the Eighth Circuit as holding that "an envelope containing the defendant's name and address would be inadmissible hearsay if admitted to show that the defendant lived at that address, but not if it was introduced to show that it could be inferred by the sender's conduct of mailing the letter that the defendant lived there." *Id.* ¶ 14. The writing at issue in this case does not recite Defendant's address or otherwise assert that fact. It can be inferred, however, from the conduct of whoever wrote on the door that Defendant lived within. Because the writing was not being offered to prove the truth of any matter asserted therein, the district court properly overruled Defendant's hearsay objection, and we affirm that ruling.

**{7}** Finally, Defendant continues to challenge the sufficiency of the evidence to support his conviction, arguing in particular that there was insufficient evidence to find that he armed himself with a deadly weapon while committing a burglary, as is necessary to establish the first count of the complaint. [MIO 10-12] As discussed earlier, the State offered evidence that a cell phone found near the burglarized home belonged to or was being used by Defendant. The jury heard that property stolen during the burglary was recovered from Defendant's house and that among the items stolen (although not recovered from Defendant's house) were two firearms. Our calendar notice proposed to hold that the evidence was sufficient for a reasonable jury to infer that Defendant possessed two guns in the process of stealing them. [CN 4-5]

**{8}** Defendant's memorandum in opposition does not alter this Court's view that—viewed in the light most favorable to the verdict and drawing all reasonable inferences therefrom—there was sufficient evidence to support Defendant's conviction beyond a reasonable doubt. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{9}**     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**M. MONICA ZAMORA, Judge**